UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20256-CIV-COHN/WHITE

JORGE MUENTES,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report of United States Magistrate Judge Patrick A. White regarding Jorge Muentes's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 17] ("Report of Magistrate Judge").  Under 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion to Vacate [DE 1], the Government's Response [DE 12], Mr. Muentes's Reply [DE 13], Mr. Muentes's Declaration [DE 15], the Report of Magistrate Judge, Mr. Muentes's Objections [DE 21], and is otherwise advised in the premises.

Judge White submitted his Report on October 28, 2010.  The Report indicates that Mr. Muentes is permitted to file objections within fourteen days after receiving the Report.  Rep. of Mag. J. at 22.  On November 30, 2010, prior to receiving any objections, the Court issued an Order Adopting Report of Magistrate Judge [DE 18].  Thereafter, Mr. Muentes filed his Motion for Reconsideration [DE 19], indicating that he never received a copy of the Report of Magistrate Judge.  The Court granted Mr. Muentes until January 21, 2010 to file Objections.  Order Granting Motion for

Reconsideration [DE 20]. Therefore, the Objections that Mr. Muentes filed on January 20, 2010 are timely, and the Court will consider them.

After a jury trial in criminal case 07-20994-Cr-COHN, Mr. Muentes was found guilty and sentenced on two counts: Count I, knowingly attempting to induce a minor to engage in a commercial sex act, in violation of 18 U.S.C. § 2422; and Count II, knowingly attempting to travel in interstate and foreign commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(e) and (b). In his Motion to Vacate, Mr. Muentes raised a number of claims including ineffective assistance of counsel, Sixth Amendment violations, and violations of his "Right To Freedom Of Speech And To Petition, His Right To Be Free Of Unreasonable Search And Seizure, His Right To Due Process Of Law; His Rights To Counsel, To Jury Trial, To Confrontation Of Witnesses, To Present A Defense, And To Compulsory Process, And His Right To Be Free Of Cruel And Unusual Punishment Under The Constitution." See Mot. to Vacate. Judge White's Report recommended that the Court deny Mr. Muentes's Motion to Vacate on all grounds.

Mr. Muentes's primary objection is that he was not predisposed to commit his crimes, as demonstrated by his attempts to "back out." Obj. at 9-10. The objection refers to one element in Judge White's analysis of Mr. Muentes's claim that counsel was ineffective for failure to file a motion for judgment of acquittal based on the defense of entrapment. See Mot. to Vacate ¶¶ 29-35. A successful entrapment defense requires two elements: (1) government inducement of the crime; and (2) the defendant's lack of predisposition to commit the crime. United States v. Demarest, 570 F.3d 1232, 1240 (11th Cir. 2009) (citing United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995). The defendant bears the initial burden of proving that the government

2

induced him into committing the crime. <u>Demarest</u>, 570 F.3d at 1240; <u>Brown</u>, 43 F.3d at 623. Upon the defendant making this showing, "the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." <u>Brown</u>, 43 F.3d at 623.

In his Report, Judge White rejected Mr. Muentes's claim that his counsel should have moved for judgment of acquittal based on entrapment because Judge White found "overwhelming evidence showing Muentes' predisposition." Rep. of Mag. J. at 11. The Eleventh Circuit has articulated the following guiding principles for the predisposition inquiry:

> Predisposition may be demonstrated simply by a defendant's ready commission of the charged crime . . . . A predisposition finding is also supported by evidence that the defendant was given opportunities to back out of illegal transactions but failed to do so . . . [T]he fact-intensive nature of the entrapment defense often makes jury consideration of demeanor and credibility evidence a pivotal factor.

<u>Brown</u>, 43 F.3d at 635 (citations omitted). Thus, while unwillingness to back out provides some evidence in favor of predisposition to commit a crime, failure to back out by itself is not dispositive of a lack of predisposition to commit a crime. <u>See id.</u>

Regardless, applicable case law coupled with the facts of this case demonstrates that Mr. Muentes was predisposed to commit the crimes at issue. As Judge White aptly explained,

> [T]he evidence showed that Muentes' arm was not twisted. Although he became ensnared in a government undercover operation, it was Muentes who first initiated contact; and he followed up by making telephone and e-mail contacts with agent Love to obtain information and details, and to make arrangements for the travel to Costa Rica and sexual services of minor prostitutes there. When Muentes made clear his interest in escort services as part of the package, Love made clear that an age range of escorts was available, and it was Muentes himself who selected the age range, stating more than once that he wanted girls who were very young, i.e. Under age, even when he was told that adult aged escorts were available.

3

Rep. of Mag. J. at 11. Similar to Brown, where the defendant was predisposed to commit the crime based on the undercover officer's testimony that he only investigated people who approached him first, 43 F.3d at 625, and where the defendant appeared "willing and eager to participate in the crime," id. at 626, Mr. Muentes first contacted the undercover agent and appeared eager and interested in the underage escort service, Rep. of Mag. J. at 3. Like Demarest, where there was predisposition when the defendant "knew from the first meeting that the agents were purchasing the boat with drug proceeds and to run drugs," 570 F.3d at 1241, but still helped the agents conceal their purchase, id., Mr. Muentes knew that what he was doing was illegal, but sought an underage escort anyway, see Rep. of Mag. J. at 4.

This case is distinct from Jacobson, where "the Government's quest for convictions [led] to the apprehension of an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law." 503 U.S. at 553-54. There, the evidence that the defendant was ready and willing to commit the crime only came after two and a half years of government devotion to convince him that he should have the right to engage in the illegal behavior at issue, id. at 553, but here, the undercover agent explicitly told Mr. Muentes that the behavior was illegal, and the agent did not force or even encourage Mr. Muentes to engage in the illegal behavior, see Rep. of Mag. J. at 4, 5. For instance, in a phone conversation on September 27, 2007, when Mr. Muentes asked if a 14 year-old escort was legal, the agent responded "none of what we're dong is legal," id. at 4, but Mr. Muentes continued to insist that he wanted a 14 or 16 year-old escort, see id. The agent gave Mr. Muentes an opportunity to back out of his request for an underage escort by asking, "Or would you want the uh . . .

4

twenty (20) to twenty-five (25) to twenty-seven (27)?," id., but Mr. Muentes stated that "fourteen (14), sixteen (16) is good," id. Mr. Muentes had yet another opportunity to back out during another phone conversation on October 5, 2007, when the agent asked Mr. Muentes if he was still interested in a minor, but Mr. Muentes reiterated that he was. Id. at 5.

Mr. Muentes now insists that he was attempting to back out of the proposed unlawful trip when he failed to return certain phone calls, Obj. at 6, but the evidence demonstrates that Mr. Muentes not only returned other phone calls and emails, but that he submitted a partial payment for the airfare, hotel, and a minor escort, that he asked for assurance he would not be "busted or something," that he initiated contact to discuss payment for the balance of the escort service, and that he went to Miami International Airport and handed his boarding pass to the gate agent, Rep. of Mag. J. at 3-5. His bag contained further evidence of his intent to complete the crime, including a letter of introduction that the agent emailed for Mr. Muentes to present in Costa Rica. Id. at 5. Mr. Muentes could have backed out of this offense at a variety of points along the way, but he did not. See id. Taken as a whole, this overwhelming evidence shows that Mr. Muentes was predisposed to commit his crimes, and that there was no attempt to back out sufficient to negate the finding of predisposition. See, e.g., United States v. Miller, 71 U.S. 813, 817 (1996) (finding failure to back out at two different times, along with other evidence constituted enough for the jury to find predisposition). Therefore, the undersigned agrees with Judge White that any motion for judgment of acquittal based on the entrapment defense would not have been successful. Because counsel is not ineffective for failing to raise non-meritorious objections, Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001); Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990),

Mr. Muentes's counsel was not ineffective for failing to move for judgment of acquittal based on the defense of entrapment.

Mr. Muentes's only remaining objection states that he "restates and incorporates by reference each and every argument set forth above as objections to the Magistrate Report & Recommendation." Obj. at 11. After reviewing the record and Judge White's Report, the Court finds that Mr. Muentes's arguments should be rejected. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Mr. Muentes's Objections to the Report of Magistrate Judge [DE 21] are **OVERRULED**. Mr. Muentes's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED with prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 31st day of JANUARY, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Jorge Muentes, *pro se*
Reg. No. 80039-004
FCC - Coleman (Low A-4)
P.O. Box 1031
Coleman, FL 33521